UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRANCE E. MITCHELL                                    CIVIL ACTION

VERSUS                                                 NO.  12-2628

GLENN BELLE, GABRIEL J. FAUCETTA,                      SECTION "A"(4)
NEWELL NORMAND, CORRECT
HEALTH (JPCC MEDICAL STAFF),
JEFFERSON PARISH, BLANC GOODMAN

REPORT AND RECOMMENDATION

Before the Court are a **Motion to Dismiss (Rec. Doc. No. 11)** filed by the defendant, Parish

of Jefferson, and a **Motion to Dismiss (Rec. Doc. No. 12)** filed by the defendant, Correcthealth

Jefferson, LLC, each seeking dismissal of the plaintiff's claims for failure to state a claim for which

relief can be granted under Fed. R. Civ. P. 12(b)(6).  The motions and this matter were referred to

a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if

necessary, and to submit proposed findings and recommendations for disposition pursuant to **28

U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. §

1997e(c)(1) and(2)**.  Upon review of the entire record, the Court has determined that this matter can

be disposed of without an evidentiary hearing.

I.      Factual and Procedural Background

        The plaintiff, Terrance E. Mitchell ("Mitchell"), was a prisoner housed in the Jefferson

Parish Correctional Center ("JPCC"), at the time of the filing of this *pro se* and *in forma pauperis*

complaint under 42 U.S.C. § 1983.  Mitchell filed his complaint against Glenn Belle, Jefferson Parish Sheriff's Deputy Gabriel J. Faucetta, Jefferson Parish Sheriff Newell Normand, Correcthealth Jefferson, LLC, Deputy Blanc Goodman, and the Parish of Jefferson, alleging that he was falsely charged with burglary of Glenn Belle's residence and obscenity and that the conditions of his confinement at JPCC are unconstitutional.  Mitchell seeks monetary damages for his pain and suffering and endurance of the conditions about which he complains.

On December 12, 2012, the Parish of Jefferson filed its Motion to Dismiss which was set for hearing submission on January 9, 2013.[1]  Correcthealth Jefferson, LLC filed its Motion to Dismiss on December 14, 2012, and it was set for submission to the Court on January 2, 2012.[2]  Thereafter, on December 28, 2012, the Court issued an Order informing the parties that the Parish's motion would be submitted on the briefs without oral argument.[3]

Mitchell did not file oppositions to either motion.  In addition, as will be further discussed, the Court's Order mailed to Mitchell at his address of record was returned to the Clerk of Court on January 15, 2013, marked as undeliverable.

## II.   Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts

---

[1]Rec. Doc. No. 11.

[2]Rec. Doc. No. 12.

[3]Rec. Doc. No. 14.

have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.  <u>Analysis</u>

As mentioned above, on December 28, 2012, the Court issued an Order notifying the parties that the Parish's motion would be considered on the briefs.[4]  A copy of the Order was mailed that same day by the Clerk of Court to Mitchell at his address of record at the JPCC.

On January 15, 2013, the envelope containing the Court's December 28, 2012, Order was returned to the Clerk of Court stamped "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" and "RETURN TO SENDER Inmate not incarcerated

---

[4]Rec. Doc. No. 14.

at Facility."[5]  The returned envelope also bears a separate handwritten notation which simply states "Transferred."[6]

The Court's prior order was mailed to Mitchell at the only prison address he has provided to the Court.  Mitchell is no longer housed in the JPCC, and he has failed to provide the Court with his current contact information as required by L.R. 11.1.  Mitchell was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected in paragraph VI on the last page of his form Complaint, where he signed the Plaintiff's Declaration on September 26, 2012.[7]

Contrary to these mandates, Mitchell has not notified the Court of his current address, and he otherwise has not contacted the Court about his case since it was filed.  In accordance with L.R. 41.3.1, Mitchell's failure to provide his current address within 35 days of the Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

Mitchell has not made the necessary effort to prosecute this case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute. Because his Complaint is being dismissed, the defendants' Motions to Dismiss can be dismissed without prejudice as moot.

---

[5]Rec. Doc. No. 15.

[6]*Id.*

[7]Rec. Doc. No. 1, p.8.

4

IV.    **Recommendation**

Accordingly,

It is therefore **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 11)** filed by the defendant, Parish of Jefferson, and the **Motion to Dismiss (Rec. Doc. No. 12)** filed by the defendant, Correcthealth Jefferson, LLC, be **DISMISSED WITHOUT PREJUDICE** as moot.

It is further **RECOMMENDED** that Mitchell's 42 U.S.C. § 1983 complaint against the defendants, Glenn Belle, Deputy Gabriel J. Faucetta, Sheriff Newell Normand, Correcthealth Jefferson, LLC, Deputy Blanc Goodman, and the Parish of Jefferson, be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 7th day of March, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.